IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HELEN KREMS, | ) | CASE NO. 1:17-cv-46 |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| ABSOLUTE ROOFING & | ) | |
| CONSTRUCTION, INC., | ) | **NOTICE OF REMOVAL** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Absolute Roofing & Construction, Inc. ("Absolute Roofing") through undersigned counsel and with full reservation of any and all rights and defenses, respectfully petitions this Court, pursuant to 28 U.S.C. §§1331, 1441, and 1446 to remove this civil action from the Court of Common Pleas, Cuyahoga County, State of Ohio, to the United States District Court for the Northern District of Ohio, Eastern Division. Removal to this Court is proper for the reasons set forth below:

1. Absolute Roofing is a defendant in a civil action pending in the Court of Common Pleas, Cuyahoga County, State of Ohio, entitled *Helen Krems v. Absolute Roofing & Construction, Inc.*, Case No. CV-16-872838 and the Complaint is attached as Exhibit 1.

2. Absolute was served with Plaintiff's Complaint on December 9, 2016. Copies of all process, pleadings and orders served upon Defendant are attached as Exhibit 2. This Notice

of Removal is being filed within thirty (30) days from the date of Absolute Roofing's receipt of the Complaint, and is, therefore, timely pursuant to 28 U.S.C. § 1446(b).

3. Absolute Roofing has a right to remove this action to this Honorable Federal District Court pursuant to 28 U.S.C. §1441, et seq. and to invoke this Court's original jurisdiction pursuant to 28 U.S.C. §1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the constitution, laws or treaties of the United States." 28 U.S.C. §1331. The Complaint alleges violations of 29 U.S.C. §201, *et seq.*, the Fair Labor Standards Act of 1938 (the "FLSA") and therefore presents a federal question pursuant to 28 U.S.C. §1331.

4. This court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a). Here, Plaintiff's state law claims derive from the same common nucleus of operative fact as the alleged violations of federal law and form a part of the same controversy alleged in the Plaintiff's Amended Complaint. As such, the entire action is properly removed under 28 U.S. C. §§1331 and 1441. See, *Jackson v. Kellermeyer Bldg. Servs.*, N.D. Ohio Case No. 5:12CV211, 2012 U.S. Dist. LEXIS 121485 (Aug. 27, 2012) (denying motion for remand removal to federal court in an action involving FLSA, Ohio Minimum Wage Age (O.R.C. 4112.01 et seq.), and discrimination claims because claims arouse out of common nucleus of operative facts).

5. A copy of this Notice of Removal will be promptly filed with the appropriate state court pursuant to 28 U.S.C. §1446(d).

WHEREFORE, Defendant hereby removes this action from the Court of Common Pleas, Cuyahoga County, Ohio to this Honorable Court.

Respectfully submitted,

_s/ Julie L. Juergens_
**JULIE L. JUERGENS (0066873)**
**MELANIE R. IRVIN (0084407)**
GALLAGHER SHARP LLP
Sixth Floor - Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio 44115
(216) 241-5310 (phone)
(216) 241-1608 (fax)
jjuergens@gallaghersharp.com
mirvin@gallaghersharp.com

*Counsel for Defendant,*
*Absolute Roofing & Construction, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2017 the foregoing Notice of Removal was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by electronic mail. Parties may access this filing through the Court's system.

_s/ Julie L. Juergens_
**JULIE L. JUERGENS (0066873)**
**MELANIE R. IRVIN (0084407)**
*Counsel for Defendant,*
*Absolute Roofing & Construction, Inc.*



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

New Case Electronically Filed:
December 7, 2016 15:13

By: MICHAEL D. GOLDSTEIN 0075661

Confirmation Nbr. 930263

| | |
|---|---|
| HELEN KREMS | CV 16 872838 |
| vs. | |
| ABSOLUTE ROOFING & CONSTRUCTION, INC. | Judge: JOHN P. O'DONNELL |

Pages Filed: 7

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY

| | | |
|---|---|---|
| HELEN KREMS<br>1533 Waterbury Rd.<br>Lakewood, OH 44107 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | **COMPLAINT** |
| vs. | )<br>) | |
| ABSOLUTE ROOFING<br>& CONSTRUCTION, INC.<br>12301 Sprecher Ave.<br>Cleveland, OH 44135 | )<br>)<br>)<br>)<br>) | **(Jury Demand Endorsed Hereon)** |
| Defendant. | )<br>) | |

Now comes the Plaintiff, Helen Krems, by and through her undersigned counsel and for her Complaint against Defendant Absolute Roofing & Construction, Inc. (hereinafter "Absolute Roofing") states as follows:

1. This is an action for: (i) Age Discrimination in violation of Ohio Revised Code Chapter 4112; (ii) unpaid overtime compensation pursuant to Ohio Revised Code Chapter 4111 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq; and (iii) Wrongful Termination in Violation of Public Policy.

## PARTIES

2. Plaintiff is an individual who resides in Lakewood, Cuyahoga County, Ohio.

3. At all times relevant herein, Plaintiff was an employee of Defendant Absolute Roofing as defined by R.C. Chapter 4112.

4. At all times relevant herein, Plaintiff was and is over the age of forty (40).

5. At all times relevant herein, Plaintiff was an employee engaged in commerce within the meaning of 29 U.S.C. § § 203 and 207 and as defined by R.C. Chapter 4111 and the common law of the State of Ohio.

6. Defendant Absolute Roofing is a corporation licensed to conduct business in the State of Ohio and regularly conducts business in Cuyahoga County with its principal place of business located in the City of Cleveland, County of Cuyahoga, State of Ohio.

7. Defendant is an employer as defined by R.C. Chapter 4112

8. Defendant is an employer engaged in commerce within the meaning of 29 U.S.C. § § 203 and 207 and as defined by R.C. Chapter 4111 and the common law of the State of Ohio.

## JURISDICTION AND VENUE

9. This Court has concurrent jurisdiction over Plaintiff's sole federal claim pursuant to 29 U.S.C. § 216(b).

## FACTS

10. Plaintiff hereby alleges and avers each and every allegation of the previous paragraphs as through each were fully restated herein.

11. Plaintiff was employed by Defendant Absolute Roofing from on or about February 2005 until on or about August 29, 2016, when her employment was terminated without just cause at the age of fifty-five (55).

12. During Plaintiff's eleven (11) year employment with Defendant Absolute Roofing, she was given multiple job promotions based upon her roofing and construction experience in addition to pay raises.

13. Plaintiff's most recent pay raise occurred on or about June 2016.

14. On or about June 2016, Defendant Absolute Roofing hired a receptionist who was substantially younger and lesser paid than Plaintiff.

15. Following Plaintiff's termination without just cause on or about August 29, 2016, the substantially younger and lesser paid receptionist replaced Plaintiff and has been reassigned to perform work that was previously the responsibility of Plaintiff.

16. Plaintiff was terminated because of her age and but for her age and pay rate, she would not have been terminated.

17. At all times relevant herein, Plaintiff was qualified for her position at Absolute Roofing.

18. At all times relevant herein, Plaintiff was a non-exempt employee of Defendant Absolute Roofing and paid on an hourly basis.

19. Based upon information and belief, Plaintiff was paid every week.

20. During Plaintiff's period of employment, Defendant Absolute Roofing employed Plaintiff and permitted and required her to work workweeks longer than forty (40) hours on a regular basis.

21. During Plaintiff's period of employment, Defendant Absolute repeatedly failed to account for Plaintiff's work time, paid the incorrect rate of pay and as a result, Plaintiff consistently performed work for Defendant Absolute Roofing in excess of forty (40) hours per week without receiving the correct and required rate of one and one-half (1.5) times her regularly hourly rate for overtime hours worked.

## COUNT ONE
## AGE DISCRIMINATION (R.C. CHAPTER 4112)

22. Plaintiff hereby alleges and avers each and every allegation of the previous paragraphs as through each were fully restated herein.

23. Defendant Absolute Roofing's actions constitute unlawful age discrimination in violation of R.C. § § 4112.02 and 4112.99.

24. As a direct and proximate result of Defendant Absolute Roofing's unlawful age discrimination, Plaintiff has suffered and continues to suffer injury including loss of past and future income and benefits, loss of career and business opportunities. Plaintiff has suffered emotional pain, mental anguish, and a loss of enjoyment of life. Plaintiff has also incurred attorney fees and suffered other economic and non-economic losses.

## COUNT TWO
## VIOLATION OF THE OHIO MINIMUM FAIR WAGES STANDARDS ACT
## (R.C. CHAPTER 4111)

25. Plaintiff hereby alleges and avers each and every allegation of the previous paragraphs as through each were fully restated herein.

26. At all times relevant herein, Defendant was required to compensate Plaintiff at a rate of one and one-half (1.5) times her regular pay rate for every hour in excess of forty (40) hours per week pursuant to R.C. § 4111.03.

27. Plaintiff was regularly required to work in excess of forty (40) hours per week, but was not paid at the correct rate for such work performed.

28. Defendant Absolute Roofing's actions were a knowing and willful violation of Plaintiff's right to overtime compensation as required by Ohio law.

## COUNT THREE
## UNPAID WAGES (R.C. § 4113.15)

29. Plaintiff hereby alleges and avers each and every allegation of the previous paragraphs as through each were fully restated herein.

30. Defendant breached its contractual obligations to Plaintiff by failing to pay her wages for hours worked.

Electronically Filed 12/07/2016 15:13 / / CV 16 872838 / Confirmation Nbr. 930263 / CLTLC

31. Pursuant to R.C. § 4113.15(B), Defendant is liable to Plaintiff for the unpaid overtime wages in addition to liquidated damages equaling either $200.00 or six percent (6%) of the unpaid wages, whichever is greater.

## COUNT FOUR
## VIOLATIONS OF THE FLSA

32. Plaintiff hereby alleges and avers each and every allegation of the previous paragraphs as through each were fully restated herein.

33. At all times relevant herein, Defendant was required to compensate Plaintiff at a rate of one and one-half (1.5) times her regular pay rate for every hour in excess of forty (40) hours per week pursuant to 29 U.S.C § 207(a).

34. Plaintiff was regularly required to work in excess of forty (40) hours per week, but was not paid at the correct rate for such work performed.

35. Defendant Absolute Roofing's actions were knowing and willful.

36. Pursuant to 29 U.S.C. § 216(b), Defendant is liable to Plaintiff for unpaid overtime compensation for the past three (3) years in addition to liquidated damages in an amount equal to her unpaid overtime compensation, costs of this action, and reasonable attorney fees.

## COUNT FIVE
## WRONGFUL TERMINATION IN VIOLATION OF OHIO PUBLIC POLICY

37. Plaintiff hereby alleges and avers each and every allegation of the previous paragraphs as through each were fully restated herein.

38. Defendant Absolute Roofing's conduct in terminating Plaintiff violated clearly established public policy, including, but not limited to, the following:

   a. Failing to maintain adequate pay records;

   b. Failing to pay overtime wages as required by statute;

    c. Discriminating against Plaintiff solely based upon her age; and

    d. Other violations to be determined in discovery.

39. Termination of employees similar to Plaintiff jeopardizes Ohio public policy.

40. Plaintiff's termination was motivated by conduct related to Ohio public policy.

41. Defendant Absolute Roofing lacked an overriding legitimate business justification for the termination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant Absolute Roofing on all counts as follows:

    A. Compensatory damages for lost wages, lost employment opportunity, lost benefits, and other economic damages in an amount exceeding $25,000.00 (TWENTY-FIVE THOUSAND DOLLARS);

    B. Compensatory damages for emotional distress in an amount exceeding $25,000.00 (TWENTY-FIVE THOUSAND DOLLARS);

    C. Compensatory damages in an amount equal to the unpaid compensation, including interest and statutory penalties;

    D. An award of liquidated damages as permitted under Federal and State Law;

    E. For pre and post judgment interest;

    F. Attorney fees and costs Plaintiff incurs to prosecute this action;

    G. Punitive damages in an amount to be determined at Trial; and

    H. Any additional relief as the Court deems just and equitable.

Electronically Filed 12/07/2016 15:13 / / CV 16 872838 / Confirmation Nbr. 930263 / CLTLC

Respectfully submitted,

*/s/ Michael D. Goldstein*
MICHAEL D. GOLDSTEIN (0075661)
JOSEPH N. CINDRIC (0092624)
GOLDSTEIN & GOLDSTEIN CO., L.P.A.
55 Public Square, Suite 2075
Cleveland, Ohio 44113
(Ph: 216-241-6677; fax: 216-241-3748)
E-Mail: Joseph@gnglawyers.com
Attorneys for Plaintiff

## **Jury Demand**

A trial by jury is hereby requested on all matters herein.

*/s/ Michael D. Goldstein*
MICHAEL D. GOLDSTEIN (0075661)

| SUMMONS IN A CIVIL ACTION | COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER |
| --- | --- |

CLEVELAND, OHIO 44113

| CASE NO. CV16872838 | D1 FX | SUMMONS NO. 30918831 |
| --- | --- | --- |

Rule 4 (B) Ohio

Rules of Civil Procedure

## SUMMONS

HELEN KREMS
VS
ABSOLUTE ROOFING & CONSTRUCTION, INC.

PLAINTIFF

DEFENDANT

ABSOLUTE ROOFING & CONSTRUCTION, INC.
12301 SPRECHER AVENUE
CLEVELAND OH 44135

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on: 

Plantiff's Attorney

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

MICHAEL D GOLDSTEIN
55 PUBLIC SQUARE, SUITE 2075

CLEVELAND, OH 44113-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

JOHN P O'DONNELL
Do not contact judge. Judge's name is given for attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas

| DATE Dec 8, 2016 | By  Deputy |
| --- | --- |

COMPLAINT FILED  12/07/2016



CMSN130

**EXHIBIT 2**



December 14, 2016

Dear Customer:

The following is the proof-of-delivery for tracking number **784916911328**.

## Delivery Information:

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered to:** | Receptionist/Front Desk |
| **Signed for by:** | B.NOVCKY | **Delivery location:** | 12301 SPRECHER AVE CLEVELAND, OH 44135 |
| **Service type:** | FedEx Express Saver | **Delivery date:** | Dec 9, 2016 11:28 |
| **Special Handling:** | Deliver Weekday | | |
| | Direct Signature Required | | |



## Shipping Information:

| | | | |
|---|---|---|---|
| **Tracking number:** | 784916911328 | **Ship date:** | Dec 8, 2016 |
| | | **Weight:** | 0.5 lbs/0.2 kg |

| **Recipient:** | **Shipper:** |
|---|---|
| ABSOLUTE ROOFING & CONSTRUCTION, IN | CCoC |
| 12301 SPRECHER AVENUE | 1200 Ontario |
| CLEVELAND, OH 44135 US | Cleveland, OH 44113 US |

| | |
|---|---|
| **Reference** | CV16872838 |
| **Invoice number** | 30918831 |

Thank you for choosing FedEx.