**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **Helen Krems,** | ) | **CASE NO.  1:17 CV 46** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Absolute Roofing & Construction, Inc.,** | ) | <u>**Memorandum of Opinion and Order**</u> |
| | ) | |
| **Defendant.** | ) | |


<u>**Introduction**</u>

This matter is before the Court upon plaintiff's Motion to Remand (Doc. 6).  For the following reasons, the motion is DENIED.

<u>**Facts**</u>

Plaintiff Helen Krems filed her Complaint against defendant Absolute Roofing & Construction, Inc. in the Cuyahoga County Court of Common Pleas. Defendant filed a Notice of Removal citing federal question jurisdiction. Plaintiff alleges that she was employed by defendant for 11 years until she was terminated based on her age. She was replaced by a younger employee.  During her employment, she was not paid the required rate for the overtime hours she

1

worked. The Complaint sets forth five claims.  Count One alleges age discrimination in violation of Ohio law. Count Two alleges a violation of Ohio's Minimum Fair Wages Standards Act. Count Three alleges unpaid wages under Ohio law.  Count Four alleges violations of the Fair Labor Standards Act (FLSA). Count Five alleges wrongful termination in violation of Ohio public policy.

This matter is now before the Court upon plaintiff's Motion to Remand.

**Standard of Review**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." District courts have original jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987); *see also Warner v. Ford Motor Co.*, 46 F.3d 531, 533 (6th Cir. 1995) ("[T]he plaintiff is the master of the complaint ... [T]he plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court.").If a federal court determines that it lacks subject matter jurisdiction, the court must remand the case. 28 U.S.C. § 1447(c).

**Discussion**

Plaintiff argues that removal was improper because federal question jurisdiction does not exist and the state law claims predominate.  She also contends that there is no supplemental

2

jurisdiction over the state law claims. Plaintiff reasons as follows.  The one claim brought under federal law, the FLSA, has concurrent jurisdiction by statute. Otherwise, the Complaint consists of all state law claims. Furthermore, unless a substantial disputed question of federal law is a necessary element of the state cause of action, federal jurisdiction is not present even when a federal statute is implicated as part of a claim.  *Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Assn., Inc.,* 287 F.3d 568 (6th Cir. 2012). Merely including one claim invoking federal law does not confer jurisdiction. *Sheridan v. New Vista, LLC,* 406 F.Supp.2d 789 (W.D.Mich. 2005). Plaintiff argues that her counts are all state law claims and the sole federal claim under the FLSA is virtually indistinguishable from the state Minimum Fair Wages Standards Act with the narrow exception of damages available.  Thus, considering the numerosity of the state law claims and the fact that none of plaintiff's claims necessarily depend upon a question of federal law, remand is proper.  Additionally, she argues that the state law claims of discrimination and wrongful termination are not related to the FSLA claim and are not subject to the Court's supplemental jurisdiction. For the following reasons, the Court finds plaintiff's assertions to be unpersuasive.

As stated above, under 28 U.S.C. § 1331, district courts have original jurisdiction over civil actions that arise under federal law. "Within the confines of the well-pleaded complaint rule, there are two paths to federal court under Section 1331: (1) federal claims, i.e., cases where federal law creates the cause of action; and (2) state causes of action that implicate "significant federal issues." *Lee v. Kirkpatrick,* 2016 WL 7197478 (W.D. Kentucky December 9, 2016) (quoting *Eastman v. Marine Mech. Corp*., 438 F.3d 544 (6th Cir. 2006) *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg*., 545 U.S. 308, 312 (2005)). "The first path is simple and

covers the vast majority of cases that come within the district courts' original jurisdiction." *Id.* (citation omitted). "Quite simply, a cause of action is created by federal law where federal law provides a right to relief." *Id.* (citing *Eastman*, 438 F.3d at 550).

Plaintiff's Complaint falls within the first path because it cites a federal law, the FLSA, as the fourth cause of action. "The presence of even one federal claim gives the defendant the right to remove the entire case to federal court." *Williams v. Ragnone*, 147 F.3d 700, 703 (8th Cir. 1998).  Accordingly, this Court has federal jurisdiction over the Complaint.

Plaintiff's cases are inapposite. In *Michigan Southern R.R. Co.,* a state breach of contract action filed in federal court was dismissed for lack of subject matter jurisdiction where a federal statute cited in the complaint did not provide for a private cause of action or contain an implied private remedy which permitted plaintiff to sue directly under the statute. The complaint in *Sheridan* was filed in state court and asserted state law claims based on an allegation that defendants induced plaintiffs to engage in a foreign currency option which was supposed to provide substantial tax savings.  No federal claim was alleged but the complaint discussed Internal Revenue Service implications. Defendant removed the case on the basis that the complaint raised substantial disputed issues of federal tax law. The court concluded that the state causes of action did not implicate "significant federal issues"- the second path to federal court under Section 1331. That case has no bearing where plaintiff's Complaint herein alleges a federal claim.

Plaintiff also points out that federal and state courts have concurrent jurisdiction over claims brought under the FLSA.  However, *Breuer v. Jim's Concrete of Brevard, Inc*., 538 U.S. 691 (2003), held that a FLSA action, once started in state court, was removable to federal court,

4

despite concurrent jurisdiction under 29 U.S.C. § 216(b).

Having found that federal question jurisdiction exists, plaintiff's Motion to Remand is denied. Because it has original jurisdiction over the federal claim, the Court has supplemental jurisdiction over the state law claims.

**Conclusion**

For the foregoing reasons, plaintiff's Motion to Remand is denied.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/15/17

5